EDWARD N. JENKS *et al. vs.* ARNOLD B. STEERE, Admr.

PROVIDENCE—JULY 2, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Probate Law and Practice.   Liability for Debts of Intestate.   Descent. Ancestral Estate.   General Heirs.*

As affecting their liability for the payment of the debts of an intestate out of the real estate to which they succeed, the law makes no discrimi-

n in favor of either, as between heirs of ancestral estate and general heirs, but the burden should be divided proportionally between the ——classes of heirs.

(2) *Probate Law and Practice.* *Equity.*

Equity will control the execution of a decree of a Court of Probate upon a proper statement for equitable relief; and when as between classes of heirs questions arise which affect the equitable marshaling of debts and assets, equity will intervene.

BILL IN EQUITY seeking an injunction. The facts are stated in the opinion. Heard on demurrer to bill and demurrer overruled.

STINESS, C. J. This is a bill to restrain the respondent, as administrator upon the estate of Nathaniel W. Jenks, of Burrillville, from selling certain real estate, to pay debts of the intestate, to the prejudice of the complainants. The respondent demurs to the bill.

The case stated is this: A part of the real estate of said intestate was acquired by descent from his paternal ancestor, and the other part by purchase. He died in 1897, intestate and leaving no children. The administrator, having found it necessary to sell a portion, at least, of the real estate to pay debts, obtained permission of the Probate Court to sell all of the real estate if necessary; and the bill alleges that the administrator is about to sell that portion which came to the intestate by descent, before exhausting that which came to him by purchase.

The complainants are those who succeed to the ancestral estate under Gen. Laws, cap. 216, § 6, and the proposed sale thereof, it is claimed, will deprive them of all interest therein, because the debts amount to more than the value of this part of the real estate. Their claim is that the real estate acquired by purchase should be first sold; the effect of which would be to deprive the respondents, heirs of a moiety through the mother, of whom the administrator is one, of (2) nearly all of their share of inheritance. There can be no doubt of the power of a court of equity to control the execution of a decree of a Court of Probate, upon a proper statement for equitable relief. *Rathbone* v. *Lyman*, 8 R. I. 155;

*Wood* v. *Hammond*, 16 R. I. 98. This bill before us presents special equities. All the real estate of a decedent is liable for his debts, irrespective of the fact that some of it may be ancestral estate, and an heir is not fully entitled to his share until the debts are paid. Although he holds the title, he holds it subject to the liability. When, however, as between classes of heirs, questions arise which affect the equitable marshaling of debts and assets, a court of equity will intervene. The argument of the complainants is that the policy of the statute separates ancestral property from the general estate which would go to collateral heirs, for the purpose of keeping it in the line of the ancestor who brought it into the family, thus giving it a character or privilege similar to that of property devised, which is not taken for debts until after property not devised has been exhausted.

(1)  The argument for the defendant is that as our law has never made any express distinction between the classes of property to be sold, but makes it all liable for the payment of debts, one part can be sold as well as another.

In *Smith* v. *Smith*, 4 R. I. 1, the history of this law was reviewed at length and it was decided that the clause relating to ancestral estate was in the nature of a proviso to the canons of the statute, limiting the descent of such estate according to the practice under the laws of England and of this colony. Evidently, the law was intended to favor ancestral descent, and hence it would be quite contrary to the spirit of the law to allow ancestral property to be taken in the first instance for the payment of debts, since this would defeat the proviso. Nevertheless, we see nothing in the act to warrant the conclusion that it was intended to operate as a special devise, because it affects only property which is to stand for descent after debts have been paid and there is no provision that it is to be excluded for this purpose.

In *Hays* v. *Jackson*, 6 Mass. 149, a question arose whether debts should be paid out of real estate which passed under the residuary clause of a will, or out of real estate acquired after the will was made, which was intestate property descending to the heirs. Parsons, C. J., said; "The general

rule in equity for marshaling assets is thus settled. 1. The personal estate excepting specific bequests, or such of it as is exempted from the payment of debts. 2. The real estate which is appropriated in the will as a fund for the payment. 3. The descended estate, whether the testator was seized of it when the will was made, or it was afterwards acquired. 4. The rents and profits of it, reserved by the heir after the testator's death. 5. The lands specifically devised, although they may be generally charged with the payment of the debts, but not specially appropriated for that purpose. And this rule is executed by a decree in chancery, according to the rights of the parties respectively interested."

In that case the debts were ordered to be paid out of the residuary estate, the second of the above classes, upon the ground that a testator may bind, by his dispositions, his legatees, devisees and heirs, and that a residuary devise, operating after the payment of debts, was such a binding disposition.

If it be inequitable to discriminate against the heirs of ancestral estate, it is equally inequitable to do so as to general heirs, whose rights are as strong and as carefully preserved in our statutes as the others, with respect to the property which can go to them. Neither the diligence of counsel nor the examination of the court has disclosed a case involving the exact question here raised. The principle, however, upon which it depends is not hard to find.

It is a familiar rule in regard to creditors that equality is equity. The principle is equally applicable to classes of claimants such as those before us. Each class is entitled to interests in real estate after the payment of debts. The whole burden should be thrown neither upon one class nor the other. The bill prays for alternative relief by dividing the burden of the debts proportionately upon the two classes of heirs, and this we think is proper.

The demurrer to the bill is therefore overruled upon this ground.

*Edwin Aldrich and Livingston Scott*, for complainants.
*James Harris*, for respondent.